The government's motion and given additional five minutes there and so to correspond for your situation, we've given you the same 20 minutes on your side. Thank you, Your Honor. May it please the Court, Chief Judge Prost. Your Honors, I represent Troy Industry, the appellant here, and I would like to argue three main points on the appeal. The first is that the District Court ran afoul of the core holding of Cathoist v. Hyatt when it excluded from consideration the Chinn Military Review and the Robert Conley Deposition Transcripts. Second, as a corollary to Issue No. 1, the District Court erred when it ruled that the And three, the District Court erred in viewing Troy's new evidence on prior conception in isolation rather than viewing it as an aggregation of corroborating evidence. Now let me begin. Cathoist v. Hyatt established the standard of review in these types of cases and said that all evidence, new evidence, comes in unless subject to the rules of evidence and the rules of civil Robert Conley Deposition Testimony, not in the rules of evidence, but it said there were new legal issues. That ran afoul of the Cathoist v. Hyatt decision. Referring to Chinn and Conley, the District Court said, Quote, Troy provides no justification for not raising the new reduction practice date during the interference proceeding and is thus prohibited from doing so in this action. That's page 17 of the decision. Now, the availability of the new evidence is not a consideration under Cathoist v. Hyatt. Let me ask you, I may be thinking of a different issue. There were a number of issues in this case. Is this the question of whether or not, and with the judge saying here that you raised the reduction to practice questions with respect to January and February or whatever, and that this new evidence he was trying to argue a reduction to practice as of June 2004? 2004. That's right, Your Honor. Okay. And your view is that it wasn't a new issue, but it was, you had not raised the question of the reduction to practice as of June 2004 before the board had to. We hadn't raised the Chinn review as a reduction practice date. We did mention that Robert Conley in our priority motions did in July of 2004 had his construction drawings prepared that showed the entire embodiment of the invention and it worked for its intended purpose. So we did have that later July time frame within the boards and the motion in the priority motions. And the district court further erred by saying that Troy's latest reduction practice date was February of 2004. That's incorrect. The board rules provide for the parties to ask for their earliest corroborated reduction practice dates. Troy provided the earliest date as January to February of 2004 and also said, but Robert Conley shows that there's a potential later date. Now, the Capos v. Hyatt says that the availability of this new evidence does not have anything to do with the admissibility, it goes to the weight of it. Well, so your argument then is that July 2004, one of your arguments is July 2004 isn't a new issue at all. It's part and parcel of the same issue, which is our claim of an earlier date of actual reduction to practice. That's exactly it. It's just new evidence on an old existing legal issue. It's not a new legal issue, it's new evidence. Now, suppose that the board, would this be a different world if the board regulation 37 CFR 41-204 didn't expressly require you to state the date and location of your earliest corroborated conception and earliest reduction to practice, meaning what if the regulation required you to explicitly address all alleged dates of reduction to practice and you alleged only with specificity February 2004, would this maybe be a different world if that were the state of the law? That's a good question, but I don't think that it would under Capos v. Hyatt, because it's just new evidence of the legal issue that as Stelar says is, who is the first to invent this invention? Did Troy invent before the critical date of Samson's patent or did it not? That's the overriding legal issue before the board, and we argued and showed new evidence through Chin that conclusively, Chin shows that Troy did actually reduce to practice its invention six months before Samson's patent. I guess my problem is the way you just phrased the issue. That's the ultimate issue in the interference, and it seems like that would make anything at all fair game that you wanted to argue. Like for example, encapsulated in the issue as you described it, a priority contest would be the argument that their provisional didn't provide written description support for their earlier claim. You follow me? I guess what I'm trying to understand is exactly how broad or narrow ought the definition of what the issue was before the board be. I don't want you to try to climb the same giant mountain the last guy did, right? The point being, you only have to show that if the issue was the date upon actual reduction in practice and whether it was arguably earlier than theirs. I guess I'm wondering, but part of this is, and we have to write an opinion, how far should the opinion go in terms of what the issue is? If you take a look at Estelador and Winner v. Wang, I think those two cases give the court all the guidance that it needs as to what the issue is. And the issue is, did Troy reduce to practice its invention before Samson did? And conclusively, Troy did so. I think to your point, the questions of would there be new legal theories that Troy wanted to raise before the district court that it didn't raise before the board, I think that could be excluded by conservative light in some of the other cases. But these aren't new legal theories. This was new facts on the same reduction practice. This actually showed there was a military review by a person who reused these pieces. What about your inequitable conduct argument, though? Well, but we did produce, we did show in the district, I'm sorry, in the board, that in the priority motions, that Samson used Troy's confidential drawings to file its provisional application. Was it made clear in the motions, or the request to file motions, that that was the gist of your inequitable, what would have been your inequitable conduct motion had you been allowed? Well, I think it was clear enough, because the board rules just want you to give the baseline what is your motion. Not, you know, give us the argument in summary fashion. Just give us the baseline motion for it. But your reference to inequitable conduct was even more something than that, if I recall. It was just inequitable conduct without further fleshing out. And that's why there was the conference call with Judge Medley. Which we don't have. Which we don't have as well. Which you could have had. I suppose I could have had that, yes. But I guess my question is, what did you argue before the board? What are you arguing to us? How is it that you see inequitable conduct benefiting your position? Tell me what you're arguing to us about it. Well, essentially that Samson gained the benefit of priority by using only Troy's confidential drawings, not Samson's. So is your argument one of we should – because I kind of am interpreting your argument as, no, we should have been declared senior party. But I'm not sure I really do understand exactly how you're weaving your theory of inequitable conduct into prevailing on the priority content. So walk me through the legal, logical steps. We should have declared the senior party in the board. But once you get to the district court level, the district court is no longer bound by that rule. The question is, who establishes priority? And it's a question of credibility that the district court did not address. Those questions include whether Samson had its own corroborated drawings and evidence to establish prior conception and prior reduction practice. It only had the evidence of its co-inventor, and that is insufficient to establish prior conception and prior reduction practice. I don't understand. They didn't have to do that because you're the junior party and you didn't antedate any of their stuff. So they weren't on the hook yet to come back. So I don't understand how you're – again, what I'm not following from you is, even if you're right that somehow inequitable conduct should have been addressed, what is the benefit that inures to your position by virtue of the district court failing to address it? Because I don't understand the argument. So I'm trying to figure it out because maybe it's harmless error they didn't consider it. If I can't figure out how it would – Once you're in the district court, the question is, who's got prior reduction practice and who's got prior conception? You're no longer bound by who was junior and who was senior. Well, no, but isn't who is junior and who is senior still continue to define who has the burdens of proof, even at the district court? I don't understand that to change. Well, Sampson essentially prevailed because Troy lost. And the district court reviewed the board's decision only on a substantial evidence test, not on looking at the evidence with a new view. Again, that has nothing to do with your inequitable – you're frustrating me. Because I'm trying to understand what I'm supposed to do with this inequitable conduct issue. And what I don't understand is how you think if you prove inequitable conduct, therefore you win, and therefore why is the district court supposed to have addressed it? We think primarily we win because Chin comes in. Secondarily, we win because – Wait, if you prove their inequitable conduct, Chin comes in? What does this have to do with Chin? Chin has nothing to do with inequitable conduct. Put it this way. Suppose that the district court is fully persuaded that they stole your drawings and that's how they persuaded the board that they were in a superior position to you. How does that – the question is how does that help you before the district court? It helps us because the district court needs to weigh the credibility of the parties in terms of the evidence that the district court must weigh. Did Troy own those drawings or did Sampson own those drawings? And if the court concludes Troy owned those drawings, the court would reach the conclusion that?  That's the argument there. Your inequitable conduct argument is entirely within the confine of it affects your ability to prove earlier conception. That's right. Just to be clear, it doesn't affect actual reduction of practice. That's where Chin comes in. Okay. One question about moving back to the reduction of practice. When, in your view, what is your theory as to when the reduction of practice occurred in this case? Well, the latest reduction of practice. If you were asked what is the actual date of reduction of practice, period, not what your evidence shows, but when did reduction of practice occur? The reduction of practice occurred just before the SHOT show, which was February of 2004. When Troy tested its invention to see if it would work before it went to the SHOT show. And as I understand it, your position with respect to Chin and Conley is that that's evidence, admittedly later, but nonetheless evidence that by July, but actually much earlier, there actually had been reduction of practice because Chin has this on his website. That's right. So it's not as if you're saying the reduction of practice occurred in July. It's that you've got July evidence showing a reduction of practice occurred at some point earlier, in your view, in February. That's right. We say it's no later than July. And if you take a look at the Conley evidence, Conley says he has put together his construction drawings based on a production model, in other words, based on a model that was already in existence and already had been sold and was sold at the SHOT show in February of 2007. So a reduction of practice date is before the SHOT show in February of 2004. Now, moving on to the prior conception argument, the judge, if you read his opinion, reviewed all that new evidence of prior conception in isolation. It said, well, the court suggested we're kind of persuaded that you've now shown us, for instance, the clamp through Chudzik and Lawrence. But the clamp evidence doesn't show the detent. And then when we suggested that the Chudzik corroborating testimony shows that you've now shown us the detent, but it doesn't show the detent with all of the other pieces of evidence as well. And that is not the way the court is to view all of the evidence on prior conception. The expansion case says it must be reviewed in the aggregate. But I didn't understand the court to have found that any of your prior evidence showed the lug rails and the spaced apart lugs extending for each end of the lower portion of the hand. That I didn't see that the court had found anything. You argue to the contrary. But in terms of what the court found, there was nothing, right? I think the court didn't review the Beaudet drawings, which Troy showed in the trial, the prior trial, had those lug rails. So your argument is not that the court made a legal error by mixing and matching and finding all the elements, but not finding them in a single source. Your argument is that the court overlooked evidence that there was a disclosure of all the portions, all the elements. That's two parts. Yes, it did overlook evidence that existed because it took a look at the evidence from a point of view of substantial evidence. And two, that it looked at the new evidence in isolation. In other words, if you take a look at the Robert Conley drawings that were attached to the Sampson application, there is not one drawing that shows all five pieces to this invention. There are individual pieces, the upper piece, the lower, the clamp, and the detent. But not the lugs and the spaced apart lug. Well, I believe the lugs are a part of the Conley drawings in separate photographs of the upper and the lower. You can't photograph, if you put the upper and the lower this way, you might not see the lugs. But if you photograph it this way, you will see the lugs. And so those lugs did appear in the photographs, but there's not one Conley drawing, or image I should say, that shows all five parts at the same time. So if that's the case, then why should Troy have expected to produce one piece of evidence when it's an accumulating invention? Thinking about it along the way, why should Troy have to prove that all five pieces existed on one piece of paper? It just didn't exist that way. That's not how the invention was formulated by Mr. Troy. So we think it was legal error for the judge to look at that evidence in isolation and to avoid looking at the Beaudet drawings that show the lugs that exist. Just to go back briefly to the inequitable conduct question. So what we've got is the motion, which gives us very little information, and then we've got the administrative judge's conclusion, rejecting your motion, rejecting your ability to file, saying that since it was not explained how the alleged withheld information could be the basis for a prior art rejection. I think that the judge reviewed that in terms of only a prior art. The inequitable conduct motion was based on the fact that Samson withheld evidence when he filed his provisional application. Yes, but the question is, there's nothing in writing that we have. I mean, it's your contention, I presume, that you expressed this orally before the judge. That's right. Unfortunately, because of the board's procedures, we don't have that evidence in front of us. And it's nothing new. We argued that to the Superior Court in the state court trial, that Samson attached the Troy drawings to his provisional application. That's what the jury, in part, relied on in finding that Samson breached the confidentiality agreement to create his MRFS, which the Court of Appeals then affirmed, saying that Samson did breach it. But the evidence is scant in the board, and that's why you have your chance before the district court to make a full-fledged argument, which Troy was not able to make because the judges took the proper and then entered a decision completely on the merits. Returning briefly to the lug rails and the Beaudet reference, and as I read the district court's opinion, the district court did review the Beaudet reference but simply found that it did not disclose the lug rails, among other things. The court says, an analysis of the images in Beaudet's testimony shows they do not demonstrate the specific subject matter of Claim 3, which also requires a detent assembly lug rails on the upper and lugs spaced apart on the lower portion. So, I mean, you keep characterizing it as a legal error by the court not to look at Beaudet, but he did look at Beaudet. You think he should have found lug rails. And that's why you need a trial, a de novo trial on the merits, which is Winner v. Wang, because this evidence is not self-explanatory. Think about what the patent examiner did, Mr. Hayes. He took the stipulation of dismissal between Arms and Troy, thought it meant that Samson prevailed on the Section 146 action, and then reinstituted the ex parte prosecution of the patent and granted the patent. I'm the mistaken assumption that this is what this document says. These documents are not self-explanatory. You've got to be able to show the judge where this exists. Now, you don't have that opportunity before the board, even though Troy twice requested oral argument. So explain it to us. But you did have a hearing before the court. Before the board? Before the court. Before the court. We had an oral argument. Not a trial. We had an oral argument. But presumably you were able to point him to exhibits such as the Beaudet exhibit. I think we did, yes. We did have that opportunity to do so. We thought that we prevailed and showed that, but the disappointment… I'm just wondering how much more you would have been able to do if he had ended up in a, quote, trial. Just the way we did in the Superior Court case, I put Mr. Troy in the stand and he said, here's Beaudet's drawings, my first drawings of my concept that showed the lug rails, the upper portion, the lower portion, and my idea for the clamping assembly, which is his invention. I would do that same thing in a trial before the district court to show the district court where these lugs exist. And it's clear that it would be a bench trial, right? It's clear that it would be a bench trial, yes. Okay. You've pretty much exhausted all your time. We'll restore three minutes for rebuttal. Thank you. Okay. Ms. Carroll? Thank you, Your Honors. Here for Sampson Manufacturing, of course. I'd like to deal first with several of the issues that were raised by your questions as well as by Mr. LaPlaca. First, I want to note that it seems clear now that Mr. LaPlaca is conceding that what he's seeking to do, what he's complaining about is not being able to submit new evidence on what he defines as old issues. So he's not pushing the boundaries to say I've got new issues. He seems to be agreeing. Oh, clearly he is. He's making the argument in the alternative throughout his brief. That's not fair characterization. Well, in his reply, in his reply brief, and I can direct you to his- He'd love to win on the idea that this isn't a new issue and make it easy, but he'd also alternatively be happy to win on the idea that new issues are a loud and fair game. I don't read him as waving the ladder. Okay, that's fine. And I read his reply brief in specific, citing from Servalight, General Instrument, and Hyatt, the capitalist before this court, as stating that all he was seeking to do was add new, submit new evidence on old issues. Before he gets to that portion of his brief, though, he said it's the rules of evidence and the rules of civil procedure that govern the admissibility of evidence in the district court procedure. Okay. So I think he is preserving that. Okay. We can agree to disagree on that because I don't think I need to win on that point to prevail here. So before, as your honors have already noted, before the board, he argued an actual reduction to practice date of January, February 2004. Now, that wasn't a random date. That was a very specifically chosen date. As restated in his appeal brief, he says, all I needed to do was come in before the critical date, which is January 18, 2005, when Samson filed his provisional. But he's required, Judge Moore pointed out, that he was supposed to come up before the board with the earliest conception date. I agree. And so presumably he did exactly right. And that doesn't rule out evidence regarding what happened, what occurred in June of 2004. Well, what I was going to say, your honor, is that the earlier date, he didn't just pick January, February 2004. The way this worked was Samson, as the senior party, had to put in his priority statement first. Samson put in his priority statement before the board saying, the earliest reduction to practice of the invention was late February, early March 2004. That went in first. In response to that, before the board, Troy said, my date's earlier than that. My date is January, February. So that was the choice he made because there was a key reason, because he wasn't at that point, and if you read all the papers he submitted to the board, in his priority statement, in his affidavit, his statement of material facts, all of that he's saying, I'm coming in ahead of, earlier than the Samson actual reduction to practice date. And that's what everybody spent their time on. That's what the focus was. That's what the evidence was. Now, that not having done so well, and I will talk momentarily about some of the evidence for these earlier dates, I do want to talk about Chin and Conley, since that was obviously of key interest here. If you look at what the Chin evidence was... Are you going to address the question of whether he is raising separate issues with respect to the different potential dates of reduction to practice? I believe, and there are cases that say that, the Invitrogen case and other cases where they say, and I think it was in response to maybe Judge Moore's comment, I don't think you can say, hey, the issue of actual reduction to practice was in the case. So any evidence I have as to whenever that may have happened is fair game and is the same issue. I don't think it is. I think it's a new issue, because the parties spent their energy and focus and evidence on, here's the actual reduction to practice date, here's what I'm putting in. It really makes a mockery and a complete waste of time of the board to spend all this time deciding, you haven't convinced me on January, February 2004. That's what we were talking about. That's clearly what he said in everything he submitted, again and again and again. For him now to say, I'm now at the district court, I want to pick a different date. What do you mean, picking a different date? Or is he simply introducing evidence, which is later arising evidence, arising in July, which tends to show that there was reduction of practice earlier, but at least by July. That seems to me quite different from saying he's now selected a different reduction of practice date. His contention all along has been the reduction of practice occurred earlier. Okay, you didn't believe my contemporaneous evidence of January, February, but I have evidence a few months later that's even stronger, which will persuade you that at some point, I think in January, but certainly by July, there was reduction of practice. That seems to be an evidentiary question, not a new issue to me, isn't it? Well, I think there's two issues on that. First, the question is, was it an abuse of discretion for Judge Young to say, you didn't submit this to the board.  But clearly, you did not submit anything about Mr. Chin to the board. Clearly, Mr. Chin was known to Troy. This is not some... Sounds like you're trying to re-argue Hyatt. Okay, well, I don't... Let me just finish on this. Maybe I'm cutting to the chase. If you actually look at the Chin evidence, it shows you it doesn't prove what he says it does. His brief has this in many times, and we'll talk about Beaudet in a moment too, where he says, here's what this says, but then if you actually look at what it says, it doesn't say that. But you're arguing the merits of whether Chin proves what he says Chin proves. My question, which I really want you to focus on, if you would, is why is it that later evidence that tends to prove prior reduction of practice is not evidence as opposed to a new issue? Let me give you an example to make this clear. Suppose my claim is that on January 1st, 2004, I reduced to practice. And the way I'm going to prove that is, the first thing I'm going to introduce is my own testimony. And you say, not good enough. And then the next thing I'm going to introduce is, every two months for the next year, someone came into my workshop and viewed what I had. And each one of them testifies, yep, he had reduced to practice by March 1st, by May 1st, by July 1st. And the last one came in and took photographs. If the board rejected all of those except for the photographs and didn't see the photographs, but he came before the district court with the guy with the photographs from August, wouldn't that just be evidence to support the reduction to practice, not a new issue claiming reduction to practice in August? I guess where I would disagree with that is, if you define the issue as actual reduction to practice, yes. But I don't see how, and I may be getting ahead of myself here, but the Chin evidence is that he was sent this product by Troy Industries. It was being manufactured, as is admitted in the record that was before the board, Samson Manufacturing was making this product. So all that Mr. Chin saw was, and Mr. Connolly, his deposition is even clearer on that point, they were taking a product being made at the Samson facility. So I don't think anybody would dispute anyone, me or Mr. LaPlaca, that by the summer of 2004, this product was being made and sold. Okay, that's not in dispute. But I don't see how the fact that this product was being made and sold and reviewed in military magazines like Mr. Chin's proves anything about the contenders. So you're challenging the forcefulness of the Chin evidence. I understand that. But what I'm trying to get at is whether you, I want you to respond to the question which I think is a central question in this appeal, which is whether there is a new issue, as the term was used in the in-bank decision in the Hyatt case, because there was evidence which was sought to be admitted in the district court. I believe that when all the evidence, when you look at the evidence, our position is that it is a new issue of reduction to practice. And to take my hypothetical, would you say then the effort to introduce the August evidence of somebody who walked in with a camera would be raising a new issue? Yeah, I think the reason I would is if you had told the board in your scenario, I reduced this to practice in January, okay, that's when I did it, in January. Here's a photo someone took of it in August. I would say how does that August evidence tell us anything about what existed in January? So the fact that we had production models being made in June, July 2004, tells us nothing about whether there had been an actual reduction to practice in January, February. And I think to be able to say, well, that theory didn't fly before the board, I'm just going to go pick a different reduction to practice date, our position is that that would be a different issue. And we may not agree on that, but our position is that it's a different issue. But the reason I said actually looking at the Chinn testimony is it doesn't show what contends. So I think if it was error for Judge Young, the district court judge, not to admit it, I think it was harmless error because all that evidence shows, which I think everybody would agree to, was that the product was being manufactured by Sampson Manufacturing at that point in time. So that's the merit. Why don't you move on to whether or not new issues can be introduced, and namely, I guess the way I want you to focus your argument, is whether the Supreme Court's Hyatt opinion overruled Conservolite. I do not believe it did in Capitalist v. Hyatt. I believe that, and obviously this panel is very well aware with the facts in that case. In that case, Mr. Hyatt was seeking, it appears not to have been at all in dispute, he was seeking to introduce new evidence on issues that were already before the board. He was seeking to submit a new affidavit to fill holes in the arguments he'd raised before the board, and the district court judge had summarily said, I'm not going to look at any of that because you didn't submit it to the board. That's a different standard than what we're talking about here. Here, the district court clearly did look at lots of new evidence, six new affidavits that Mr. Troy submitted, he went through them in detail. Now, in Hyatt v. Kappos before this court, this court said, acknowledged Conservolite and said that we're not talking about new evidence on new issues, we're talking about new evidence on old issues. When you get to the Supreme Court, it's kind of an interesting decision, because the Supreme Court did two things. One, it's talking about the Hyatt v. Kappos fact pattern. Again, no argument there that Mr. Hyatt was seeking to introduce new evidence on new issues. It was clearly on the issues that had been before the board. He was just trying to supplement what he'd submitted. That's the issue. The other thing is, the Supreme Court, unlike the Federal Circuit decision, made a clear distinction between 145 and 146, Section 145, Section 146. It did so in order to distinguish a line of 146 cases. This is a 146 case. I don't think you can argue that Kappos v. Hyatt at the Supreme Court overruled Conservolite, given all the discussion in the Supreme Court case about how this is not a 146 case, this is a 145 case. Conservolite was a 146 case. If we want to talk about 146, though, the statute itself allows for the civil action in the district court, which parallels the 145 action, right? They're similar. It's not identical statutory language. I'm saying the language by a civil action is the same in both, because that's the language the Supreme Court linked to when they then went into an original equity action, altogether independent. That was the language of 145 they cited, which is identically present in 146. But then what about 146? Here's a weird little twist. 146, as I read it, says, in such suit the district court civil action, the record in the PTO shall be admitted on motion of either party, without prejudice to the right to take further testimony. So here's the weird thing. It seems to me that it's possible, and Congress clearly contemplated the possibility, that this civil action in the district court would proceed with nobody bringing the record forward. It isn't automatically part of the district court proceeding. It's only admitted if somebody makes a motion. So how could a civil action go forward without the record below, but somehow be constrained to the issues argued in that record below? It just doesn't work with me in terms of statutory certification. But it also says if you're dissatisfied with the decision of the board. So it's not a brand-new civil action starting from scratch. I get to file a lawsuit. It does arise out of the board decision. So there are some parameters. In this case, we did put in the board record. But dissatisfied with the decision of the board language is identically in 145 also. So that can't be a basis for treating it differently. I just meant that I think that, and I do want to get to two other points before I use up my time, but I do think that in Cappos v. Hyatt, the Supreme Court was dealing with a very narrow issue, not before the Supreme Court did not have before the issue of new evidence on new issues. That was not the fact pattern that came up. But are you aware of the fact that the Butterworth case that the Supreme Court cites was actually an interference case? It cites Butterworth and Morgan, and it distinguishes them. It says we're going to go down one path and not the other. I know one's an interference and one isn't, or at least that's what the Supreme Court, Justice Thomas, thought was the case. He drew a bright line. But I guess how can you reconcile, here's my problem, how can you reconcile the Supreme Court's logic on why new evidence has to be allowed? Namely, this is an original action, they call it, an independent action. I don't see logically how we can apply their precedent and say at this point, nonetheless, no new issues. Well, I don't think that, I think that if you look at Capitalist v. Hyatt and what it was arguing, and Hyatt v. Capitalist before was this extensive discussion of conserval life, there is a mention in Capitalist v. Hyatt about no new issues as well. I just want to deal very briefly with two issues. First of all, Conley, like Chin, if you actually look at Mr. Conley's testimony, which was submitted to the board, he talks about going to Samson's manufacturing facility and he made the drawings of the Samson products. In fact, he says he even put the Samson name on the drawings. Then when he found out that Mr. Troy was going to be paying the bills for the drawings, he changed it to Troy. Again, I don't see that evidence as showing if the issue isn't was there a reduction to practice, but framed has Mr. Troy demonstrated a reduction to practice? I don't see it. On the inequitable conduct issue, which I know you had a lot of questions on before, I don't see that as getting to changing the accorded benefit. I just think there's a real disconnect there. There's a procedure for seeking to change the accorded benefit to say, I shouldn't be the junior party, I should be the senior party. That is always done at the beginning of an interference proceeding. There's a specific board rule and CFR reg on it. Mr. Troy admits he never did any of that. So now, Monday morning quarterbacking, he's trying to say, but my inequitable conduct argument kind of raised that. What he quotes, by the way, in his appeal brief to this court, where there's some lengthier discussion of that, was not presented to the district court. That was in his opposition to Samson's priority motion, which the board never needed to get to. And finally, I think it's inaccurate to say that Judge Young didn't consider that. If you look at his very lengthy footnote seven in the district court decision, he discusses the kitchen sink inequitable conduct issue and says, I don't see it, I don't see how this goes to proving anything about actual reduction to practice or conception. And then finally, I would commend to you Mr. Bodette's actual testimony. What he actually said was that the drawings he did, the models he made in June 2003 were based on another company, ARMS, ARMS products, and that's what he made the models of. The testimony, supposedly, that it's lug rails and lugs being shown is Mr. Troy's prior testimony. Mr. Bodette, if you look at it, and I commend it to you, the other drawings he did that are in, that are cited as though it's June of 2004, he said in his affidavit he made in March 2004 of Mr. Sampson's product. So the sites don't do what they say they do. Thank you. Thank you. Mr. McManus? Maybe you could start briefly by addressing Judge Moore's question. Sure. She raised about 146 and 145. So when the court took up the Capos case, it proceeded on the basis that the evidence about the new evidence that Mr. Hyatt had offered was on issues that had been raised below. This court, in its en banc decision, reiterated no less than three times that the pre-existing doctrine against new issues continued to remain in place despite its removal of the also existing equitable limitations on new evidence. It started out its opinion by making clear that Section 145 and 146 are not de novo proceedings. Why? One of the problems I'm having is reading the Supreme Court opinion as starting from the premise that it's limited to a case which raises new evidence on pre-existing issues. There is no doubt we acknowledge that in the Hyatt case below, but the Supreme Court decision makes for no such exception, doesn't even acknowledge the fact that that is the case. And it goes on to reject the idea that administrative law principles apply at all to this sort of proceeding, which is the argument the PTO is making, and they do that in such broad and sweeping strokes that it's hard for me to think, look, you know, I wrote Hyatt. I said conservative still stands. It's hard for me to think it still stands after reading Hyatt, so I'm not happy to read them reversing me on that point, as you might well imagine. Let me help you out. Let me help you save it. Here's three reasons why the Supreme Court did not sub silencio, reverse this en banc court's holding. I don't think it's sub silencio, but go ahead. Here's why. When the government took that case up to the Supreme Court, it clearly contested only the removal of the equitable limits on new evidence about which it had been offered on issues that this court made clear had been raised below. We did not contest at the Supreme Court, nor did we ask them to rule on the propriety of the doctrine about new issues. So to infer from the Supreme Court that it somehow also subsumed this court's pronouncement about the rule against new issues would be incorrect. I don't know how to read. And here's why. Let me ask a question. I don't know how to read their rationale in any way that allows the precedent of no new issues to stand because their rationale is so equivocally clear that APA, administrative exhaustion principles, do not apply in these kinds of actions. I mean, you're not, you didn't argue in your brief that 145 and 146 are entitled to different treatment. It would be difficult given that the en banc court relied on Well, yes, but you could have defended the Supreme Court's acknowledgement that 146 is a different statute than 145, though they didn't explain that that meant anything. They did acknowledge that they're different. So you didn't do that. You're in a universe where 145 and 146, at least by your own argument, would be treated the same way. So I don't understand how I can read this opinion and logically come out afterwards and say new issues are not allowed. How does it comport with all this language? Because the doctrine against new issues does not rely on exhaustion principles. Even if we accepted the Supreme Court's What's it rely on then? It relies on the fact that section 145 and 146 clearly require as a predicate to filing a 145 and 146, a board decision about which you are dissatisfied. In Gandy v. Marble, all the way back in the 1880s, the Supreme Court made clear that RS 4915 was necessarily a part of the application below. When you took that application, that was an ex parte case, when you took that ex parte application up to the district circuit court at that time and sought district court circuit court review of it, you picked up where the PTO left off. When this court made clear in Fragau, Conservalite, Simon, it cannot be seriously contested that the district court review is anything but review. And the reason we know that the Supreme Court continues to adhere to that view is it did not talk about burdens of proof when you got to 145 and 146. It talked about standards of review. There would have been no need for the Supreme Court to venture into that discussion if it didn't matter what had happened before. District courts in 145 and 146 must necessarily pick up where the board left off. It is certainly within the confines of the Time out. 146 says that the action and the record below at the PTO isn't even part of the district court proceeding unless one party moves for its admission and then instructs the court it should accept it. So how in a world where Congress contemplated a 146 action not even containing any portion of the record from the PTO, can you read that statute consistent with the idea that it's nonetheless limited to issues before the PTO? You might remember that language was added to the interference portion. At the time they were in the same statute, RS 4915. I think it was 1927. That language was added specifically to address an issue that parties were running into at the circuit court about the circuit court's reluctance under the rules of equity and evidence at the time to accept the PTO record as confident evidence. So they were forcing the parties to literally replicate the PTO record live in front of them. And so Congress added that provision to make clear that district courts should accept that PTO record and proceed from that point on, subject to the right to reduce further testimony Wait, if, if, one of the parties moves for its admission, It's fair, Your Honor. which obviously Congress contemplated that not happening or that part wouldn't be there. It doesn't say you must take the record and start there and go forward. I don't think we should infer from the fact that Congress used a permissive as opposed to mandatory word that that statute, which had heretofore been understood to be in for review of the A party has to make a motion for the record to be brought forward. How can you say it's automatic then? I mean, you don't have to make a motion to do something that you're automatically entitled to do or that is automatically part of the record at that proceeding. Your Honor, again, that provision was added there because there seemed to be some issue between, in the circuit court, about literally offering them that record and whether it could be relied on. I don't think we should start inferring from that provision how did you deal with that very discreet issue that all of a sudden parties, it was contemplated that parties would go up to the circuit court and be like, Hey, we talked about eight different things below. Let's talk about six new things. And the reason for that is, again, the Supreme Court talks about standards of review. So to go to the question of whether the issue, Judge Bryson's question, and I realize I'm over my time, but I did want to address your question about why that evidence on the July 2004 date is a new issue. And it is a new issue because there is nothing in that interference record that demonstrates that Troy put the question of whether Troy was entitled to that date in front of the Board such that the Board recognized, in the language of ConservaLight and Simon, that it was an issue that it should decide and could decide. And we know that because, again, we're talking about standards of review. If Troy put, say, that date, July 2004, my understanding of what they offered that Chinn testimony was not to prove, based on evidence created in July 2004, entitlement to a date of February 2004. That, theoretically, would be permissible under capitalist because it is evidence offered to prove an issue raised, i.e., my entitlement to that February 2004 date. But I understood Troy to offer that evidence about and what the district court correctly identified it as when I am entitled to a July 2004 date. Well, entitled to a date no later than July. In other words, when I introduced evidence, to take my hypothetical of the occasional visitor to the shop, you could say, well, if you believed visitor five, you could say, well, I know that there's reduction to practice no later than July of 2004. If I only believed the visitor with the camera, you could say, well, I believe there was reduction to practice no later than September of 2004. But it's all part of the question of whether there was reduction to practice at least as of some time, tended to be in February, but proved to be at least at some point in which the trier of fact is persuaded that the evidence demonstrates reduction to practice. Why isn't that the same issue? Because exactly what you said, the trier of fact is persuaded that they should rule for that party as of that date. If you do not give the date and the evidence supporting it to the board any more than if you had not given it to the district court, the district court nor the board could not have been said to have understood that that was potentially an issue upon which it could rule in the party's favor. And the reason for it is, you know, Judge Moore brought up Rule 201 or 204, and they're interference regulations a party has to give as early as reduction to practice date. But that's simply a framework for the proceedings moving forward. Under Rule 121, 41-121, you have to seek permission to file a motion to prove your entitlement to that date. And that rule makes clear at Section C, Subsection 3, a full statement of the reasons for the relief requested, including a detailed explanation of the significance of the evidence and the governing law, rules, and precedent is required in order to prove that issue. That is why offering evidence to a new date is a new issue. You cannot get away with simply saying, well, the issue was the broad umbrella of reduction to practice. The board would not rule in Troy's favor saying generically you reduced to practice first. It would have said you reduced to practice on date X because you proved you had an embodiment reduced to practice that worked for its intended purpose. That issue with respect to July 2004 was not put in front of the board. Thank you. Thank you. Thank you, Dennis. Just a couple brief points. To the questions of the panel as to whether Hyatt allows new issues, I want to cite to the court one of the cases that the PTO said in their brief which is Case v. CPC International 730 F. 2nd 745 which says section 146 quote authorizes the district court to accept all proper testimony on issues raised by the parties during the proceedings below or by the board's decisions. Close quote. Meaning the board's decision could raise new issues that need to be addressed by the district court. So you cannot foreclose any kind of new legal issues to be addressed by the district court because the decision of the board may prompt that. Evidence prompts issues. And the board's decision that Troy did not reduce to practice its invention before Samson's critical date raised the question can Troy find new evidence to do so? And Troy did find new evidence in the evidence. As to your question about whether conservolite still applies or is still alive I don't believe that it is because conservolite says that a section 146 case is essentially one to review the board's decision. That is no longer the way the courts review section 146 cases. And the case that the district court relied on in Massachusetts which is another district court case pre-Hyatt is in Vitrogen. And Vitrogen says to the extent which new evidence or evidence not properly cited may be presented in the district court is not decided. That question is now decided. And Vitrogen also says in Vitrogen may not now introduce additional evidence that was available but not introduced at the board proceeding. Well, that no longer applies because of what the Supreme Court says in Hyatt. Now, our case also is that Chin was not available to Troy at the time of the board's proceeding. Didn't have it. We had it. We've been doing this since 2004. We had it. We presented it. And I know there's some thinking out there that parties withhold their evidence but Chin is the silver bullet and there is no reason to withhold that evidence. Is your argument that this is such an equitable situation because you didn't have Chin at the time? Well, I think that does apply because we didn't have Chin at the time and there was no substantive reason to exclude Chin from being introduced. So, therefore, Chin ought to be allowed to be included in the process.  I think   good argument and I think it's a good argument and I think it's a good argument and I think it's a good argument in the proceedings.